

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2008

# USA v. Ball

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1947

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Ball" (2008). *2008 Decisions.* Paper 1007.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1007

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1947

UNITED STATES OF AMERICA

v.

JOSEPH BALL,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 02-cr-00558)
District Judge: Honorable Herbert J. Hutton

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2008

Before: AMBRO, CHAGARES and GREENBERG, Circuit Judges

(Opinion filed:    June 18, 2008)

OPINION

AMBRO, Circuit Judge

Joseph Ball, a parolee, challenges the judgment of conviction imposed upon him

by the United States District Court for the Eastern District of Pennsylvania for the illegal

possession of drugs, firearms, and counterfeit money in violation of various federal statutes. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

This case began when Ball's parole officer arrested him because of a number of failed and doctored drug tests and the receipt of an anonymous tip indicating that Ball sold drugs out of his apartment. A resulting search of Ball's person, car, and residence led to the discovery of cocaine and marijuana, a number of firearms he could not possess legally because of his status as a prior felon, and counterfeit currency.

Ball moved to suppress physical evidence and inculpatory statements (noted below) prior to trial. He argued that the parole agents lacked reasonable suspicion to search his person and residence, and that the officers' failure to give warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), rendered his statements inadmissible. The District Court rejected those arguments, which he renews in this timely appeal. We review the denial of a motion to suppress for clear error as to the underlying factual determinations and exercise plenary review over the application of the law to those facts. *United States v. Williams*, 417 F.3d 373, 376 (3d Cir. 2005).

Ball suggests that we should treat his case as equivalent to those in which we have held an anonymous tip, without more, to be insufficient to provide reasonable suspicion for a search. But this ignores Ball's failed and doctored drug tests. These tests, combined with the anonymous tip that he sold drugs out of his residence, gave his parole officers reasonable suspicion to search his person, car, and residence. The officers had particular

2

reason to search his car and residence after finding on his person both automobile keys (which indicated that he had violated the condition of his parole barring operation of a vehicle) and marijuana. The officer's reasonable suspicion makes the results of the subsequent search admissible against Ball. *See United States v. Knights*, 534 U.S. 112, 119 (2001) (officers need reasonable suspicion, not probable cause, to search a probationer); *see also Williams*, 417 F.3d at 376.

Ball argues that the District Court should have suppressed the statement "[t]hat's not real money" that he made when he observed officers looking at a stack of twenty dollar bills in his residence. The Government does not deny that the officers had placed Ball in custody or that they failed to administer *Miranda* warnings. It argues, however, that the District Court correctly determined that Ball made the statement at issue voluntarily. Ball provides no colorable reason for us to overturn that determination. *See, e.g.*, *Miranda*, 384 U.S. at 478 (explaining that its rule does not pertain to volunteered statements).

Finally, Ball contends that the District Court should have suppressed his statement indicating the location of firearms. The parties agree that this question turns on whether the public-safety exception to the *Miranda* rule applies. *See New York v. Quarles*, 467 U.S. 649, 655–56 (1984) (holding that an exception to the *Miranda* rule applies when there is an objectively reasonable need to protect the police or the public from an immediate danger). The District Court concluded that the officers were faced with an

3

objectively reasonable need to protect themselves.  Reasonable minds might differ on that point given the facts of this case, but we cannot say that the District Court committed clear error.  We thus will not disturb its conclusion that the *Quarles* exception applies to the questions posed by the officers to Ball regarding the location of the firearms.

We affirm.